**CT Corporation**

**Service of Process Transmittal**
12/13/2016
CT Log Number 530335836

**TO:**      Duncan S. McIntosh, VP and General Counsel
Blue Cross Blue Shield of South Carolina
I20 E at Alpine Road AA-270
Columbia, SC 29219-0001

**RE:**     **Process Served in South Carolina**

**FOR:**    Doctors Care, P.A.   (Domestic State: SC)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TYSHA HOLMES, Pltf. vs. Uci Medical Affiliates, Inc. and Doctors Care, P.A., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Attachment(s), Summons, Complaint |
| **COURT/AGENCY:** | Richland County Court of Common Pleas, SC<br>Case # 2016CP4006718 |
| **NATURE OF ACTION:** | Defendant's negligence caused a lot of damages to the plaintiff in this matter |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/13/2016 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service of this summons, exclusive the day of service |
| **ATTORNEY(S) / SENDER(S):** | TUCKER S. PLAYER<br>PLAYER LAW FIRM LLC<br>P.O BOX 21005<br>COLUMBIA, SC 29221<br>803-772-8008 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/13/2016, Expected Purge Date: 12/18/2016 |
| | Image SOP |
| | Email Notification,  Theresa Spatharos  theresa.spatharos@bcbssc.com |
| | Email Notification,  Jamie Early  jamie.early@bcbssc.com |
| | Email Notification,  Duncan S. McIntosh  duncan.mcintosh@bcbssc.com |
| **SIGNED:** | CT Corporation System |
| **ADDRESS:** | 2 Office Park Court<br>Suite 103<br>Columbia, SC 29223 |
| **TELEPHONE:** | 866-286-4469 |

Page 1 of  1 / VS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**PLAYER**
PLAYER LAW FIRM, LLC

Post Office Box 21005
Columbia South Carolina 29221



7016 1370 0001 0690 1808


www.pbSmartPostage.com

$6.88
US POSTAGE
First Class
29210
024P0007779477
0015166891
PITNEY BOWES

C T Corporation System
Registered Agent for Doctors Care, P.A.
2 Office Park Court, Ste. 103
Columbia, SC 29223



December 12, 2016

**Via certified mail (7016 1370 0001 0690 1808)**
C T Corporation System
Registered Agent for Doctors Care, P.A.
2 Office Park Court, Ste. 103
Columbia, SC 29223

RE:     Tysha Holmes v UCI Medical Affiliates, Inc. and Doctors Care, P.A.
        Case No.:  2016-CP-40-06718
        Our File No.:  CIV-681-01

To whom it may concern:

Please find enclosed your service copy of the Civil Action Coversheet, Summons and Complaint, which I hereby serve upon you. If you have any questions or concerns, please feel free to contact our office at the number listed below.

Kind regards,

Elvy Diaz
Legal Secretary

Enclosure(s) as stated

Columbia Office:
1415 Broad River Road
Columbia, South Carolina 29210

Mailing Address:
Post Office Box 21005
Columbia, South Carolina 29221

P 803.772.8008
F 803.772.8037

HONESTY, COMMITMENT AND PERSONAL SERVICE

STATE OF SOUTH CAROLINA )
)
COUNTY OF RICHLAND )
)
TYSHA HOLMES, )
**Plaintiff(s)** )
)
vs. )
)
UCI MEDICAL AFFILIATES, INC. and DOCTORS )
CARE, P.A., )
**Defendant(s)** )

IN THE COURT OF COMMON PLEAS

**CIVIL ACTION COVERSHEET**

2016-CP-40- 06718

Submitted By: Tucker S. Player, Esq.
Address: 1415 Broad River Road
Columbia, South Carolina 29210

| | |
|---|---|
| SC Bar #: | 16217 |
| Telephone #: | 803-772-8008 |
| Fax #: | 803-772-8037 |
| Other: | |
| E-mail: | Tucker@playerlawfirm.com |

**NOTE:** The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (*Check all that apply*)
*\*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☒ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-____-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Other (199) _____ | | ☐ Other (399) _____ | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** _____    **Date:** November 9, 2016

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (03/2016)    Page 1 of 2

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF RICHLAND )
) Case No.: 2016-CP-40-_____
TYSHA HOLMES, )
)
       Plaintiffs, )
) SUMMONS
vs. )
)
UCI MEDICAL AFFILIATES, INC.)
and DOCTORS CARE, P.A., )
)
_____Defendants._____)

CIV-681-01

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy

of which is herewith served upon you, and to serve a copy of your answer to this complaint upon

the subscriber at the address shown below, within thirty (30) days after service hereof, exclusive

of the day of such service, and if you fail to answer the complaint, judgment by default will be

rendered against you for the relief demanded in the complaint.

Tucker S. Player, Esq.
Player Law Firm LLC
Attorney for the Plaintiff
PO Box 21005
Columbia, South Carolina 29221
(803)772-8008
(803)772-8037 (fax)

Columbia, South Carolina
November 9, 2016

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | |
| | ) | |
| TYSHA HOLMES, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| UCI MEDICAL AFFILIATES, INC. and | ) | (JURY TRIAL REQUESTED) |
| DOCTORS CARE, P.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, coming before this Honorable Court, states the following:

## PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of Columbia, South Carolina;

2. Upon information and belief Defendant, UCI Medical Affiliates, Inc. is South Carolina corporation with its corporate headquarters and principal place of business in Columbia, South Carolina in the County of Richland.

3. Upon information and belief Defendant, Doctors Care, P.A. is South Carolina corporation with its corporate headquarters and principal place of business in Columbia, South Carolina in the County of Richland.

4. Plaintiff was an employee of the Defendant at all times alleged herein. All allegations contained herein occurred in Richland County and Lexington County, South Carolina.

5. This Court has jurisdiction and venue is proper in Richland County.

1

## BACKGROUND/FACTS

6. Plaintiff realleges all previous paragraphs as if fully restated herein.

7. Plaintiff began work with Defendants in February, 2015 as a physician assistant ("PA").

8. Plaintiff is African-American.

9. Plaintiff entered into an employment contract with Defendants that specifically provided that she would be given 60 days notice prior to being terminated without cause.

10. White PA's who were terminated without cause all received either 60 days notice of termination or a severance payment amounting to 60 days salary.

11. Shortly after beginning work for Defendants, Plaintiff was subjected to racial harassment and threats from two coworkers. She immediately complained about the racially hostile work environment to her supervisor.

12. No corrective action was taken against the employees who engaged in racially motivated harassment and hostility toward Plaintiff. In fact, the harassing employees were informed about Plaintiff's complaint and told her she would pay for making the complaint.

13. Plaintiff was terminated on April 15, 2015 without cause, without 60 days notice, and without any severance pay.

14. Upon information and belief, Defendants procured a false complaint to the South Carolina LLR to create a false pretext for her termination.

## FOR A FIRST CLAIM
### (BREACH OF CONTRACT)

15. Plaintiff realleges all previous paragraphs as if fully restated herein;

2

16. As an employee of Defendant, Plaintiff has been trained regarding the formal policies of the Defendant, including Defendant's stated Equal Employment Opportunity policy and other policies memorialized in both its written and electronic employee policy and procedure manuals;

17. Plaintiff alleges that the above policies were binding promises that applied to her in her employment. These statements are mandatory in nature. Therefore, these written policies constitute an enforceable part of Plaintiff's contract of employment;

18. Plaintiff alleges she was terminated because of her race, subjected to disparate treatment in the terms and conditions of her employment, she has forced to work in a racially hostile working environment and was otherwise discriminated against and retaliated against in contravention of the policies published by and explained by Defendant by and through its agents;

19. Accordingly, Plaintiff alleges that Defendant has breached its own mandatory promises, policies and procedures and thereby breached its employment contract with the Plaintiff;

20. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages, as to be demonstrated at trial

## FOR A SECOND CLAIM
### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALINGS)

21. Plaintiff realleges all previous paragraphs as if fully restated herein.

22. Plaintiff alleges that the above promises, policies and procedures communicated by Defendant constitute an enforceable contract. Inherent in all contracts in South Carolina,

3

including employment contracts, is an implied covenant of good faith and fair dealing.
Accordingly, Defendant is obligated to ensure its conduct its contract meets this minimal
standard.

23. Defendant arbitrarily ignored its policies and retaliated against Plaintiff after she made good
faith complaints pursuant to the policy.  Defendant deviated from its policy at its own caprice
and disregarded the promises it made to Plaintiff out of its own convenience.  Accordingly,
Defendant beached the covenant of good faith and fair dealing inherent in its contract with
Plaintiff.

24. Therefore, Plaintiff is informed and believes that as a result of the foregoing breaches by
Defendant, she is entitled to actual and compensatory damages as determined by the triers of
fact.

## FOR A THIRD CLAIM
## (RACE DISCRIMINATION IN EMPLOYMENT)

25. Plaintiff realleges paragraphs one through eighteen if fully restated herein.

26. Plaintiff is of African descent.

27. Plaintiff alleges she was harassed and terminated because of her race and was subjected to a
racially hostile working environment.  Specifically, Plaintiff was subjected to severe and
pervasive discriminatory conduct at the hands of Defendants.  Despite her bringing this
conduct to the attention of Defendant, Defendant failed and refused to remedy the conduct.
Rather, Defendant chose to engage in a pattern and practice of treating Plaintiff even more
harshly in the terms and conditions of her employment.

4

28. Plaintiff was subjected to intimidating and offensive remarks and adverse employment actions because of her race, and was otherwise discriminated against regarding the terms, conditions and/or privileges of her employment because of her race.

29. These acts are contemptible in a civilized society, and constitute a violation of Title VII of the Civil Rights Act of 1964, as amended, which prohibits race discrimination by employers in America, including Defendant. These acts further violate the S.C. Code of Laws, as amended, §1-13-80.

30. Plaintiff filed a timely Charge of Discrimination with the South Carolina State Human Affairs Commission (SC SHAC) and the Equal Employment Opportunity Commission (EEOC) and SC SHAC issued a Notice of Right to Sue.

31. Plaintiff has timely brought this suit.

32. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been degraded, her self-esteem has been diminished, she has suffered and will continue to suffer shame and humiliation, loss of enjoyment of life and other actual harm to be shown to the triers of fact.

33. Accordingly, Plaintiff requests this Court award her actual damages, compensatory damages (including future lost wages and lost earning capacity), back pay, equitable relief as available under the South Carolina Human Affairs Code, an Order directing defendant to discontinue its racially discriminatory practices, and any such other and further relief deemed appropriate by this Court.

34. Further, Plaintiff contends the actions by the Defendant were willful, intentional and/or in flagrant disregard of law and, therefore, she is entitled to punitive damages, litigation costs and attorneys fees as a result of this intentional conduct.

## FOR A FOURTH CLAIM
## (RETALIATION FOR TITLE VII ASSERTIONS)

35. Plaintiff realleges all previous paragraphs as if fully restated herein;

36. Plaintiff complained of racial discrimination and hostility being perpetrated by her fellow employees.

37. Plaintiff complained, pursuant to Defendant's policy, of this discrimination. From that point forward, Defendant, by and through its agents, began harassing and retaliating against Plaintiff, eventually firing her.

38. Defendant's actions against Plaintiff were clearly in retaliation for Plaintiff asserting her rights under Title VII of the Civil Rights Act of 1964, as amended, and §1-13-80 of the S.C. Code of Laws.

39. Plaintiff filed a timely Charge of Discrimination with the South Carolina State Human Affairs Commission (SC SHAC) and the Equal Employment Opportunity Commission (EEOC) and SC SHAC issued a Notice of Right to Sue.

40. Plaintiff has timely brought this suit.

41. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered actual harm.

6

42. Accordingly, Plaintiff requests this Court award her actual damages, compensatory damages, back pay and front pay, equitable relief as available under the South Carolina Human Affairs Code, and any such other and further relief deemed appropriate by this Court.

43. Further, the actions by the Defendant were willful, intentional and/or in flagrant disregard of law and, therefore, Plaintiff alleges she is entitled to punitive damages, litigation costs and attorneys fees as a result of the above intentional conduct.

## FOR A FIFTH CLAIM
## (BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT)

44. Plaintiff incorporates each and every prior allegation contained herein as if fully recited verbatim.

45. Plaintiff alleges that the Defendant made specific promises to her regarding her employment.

46. These promises constitute an enforceable contract under South Carolina common law.

47. Plaintiff alleges that the Defendant, by and through its agents and employees, intentionally violated the above contract and agreement and concocted fraudulent reasons to support its reasoning for breaching its contractual obligations, including but not limited to, procuring a false complaint with the South Carolina LLR to place her license in jeopardy and create the false pretext of a termination for cause.

48. Plaintiff alleges that as a result of the foregoing breaches, Plaintiff has incurred actual damages of loss of wages, benefits, and other actual damages to be demonstrated to the triers of fact.

49. Further, Plaintiff is informed and believes that she is entitled to punitive damages to deter Defendant from future similar acts.

WHEREFORE, having fully set forth her claims, Plaintiff prays for relief as follows:

7

1.)   A jury trial on all claims;

2.)   Actual damages and compensatory damages as may be awarded by a jury, for all damages naturally flowing from the Defendant's unlawful acts;

3.)   Punitive damages as may be awarded by a jury to deter Defendant from further similar unlawful acts and conduct as suffered by the Plaintiff;

4.)   Injunctive and/or equitable relief;

5.)   Attorney's fees and costs, including expert fees and all other costs, incurred by the Plaintiff in the bringing of this action; and

6.)   Such other and further relief as this Court, and a jury of Plaintiff's peers, deems just and proper.

Respectfully Submitted,

Tucker S. Player, Esq.
Federal Bar # 7512
PLAYER LAW FIRM, LLC
P.O. Box 21005
Columbia, SC 29221
(803) 772-8008
(803) 772-8037 (Facsimile)
Tucker@PlayerLawFirm.com

November 7, 2016                ATTORNEY FOR PLAINTIFF

8