IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tysha Holmes, | ) | C/A No. 3:17-89-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Doctors Care, P.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Tysha Holmes, filed this action asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; as well as state law claims against her former employer.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss Holmes's Complaint due to her failure to prosecute her case, as well as her noncompliance with the discovery process and the court's order compelling her responses.  (ECF No. 31.)  Having reviewed the record in this matter and the applicable law, the court finds that the defendant's motion for dismissal as a discovery sanction should be granted.

## BACKGROUND

On January 10, 2018, the defendant filed a motion to compel discovery.  (ECF No. 26.)  As detailed in its motion, the defendant served interrogatories and requests for production on Plaintiff's counsel on October 23, 2017.  On November 27, 2017, the defendant agreed to Plaintiff's counsel's request for an extension of time, as Plaintiff's counsel noted that he "had yet to hear back from my client."  (ECF No. 26-2 at 2.)  Following the extension of time, and as the defendant still had not

PJG

received Holmes's discovery responses, the defendant again contacted Plaintiff's counsel, who informed the defendant that he was going to move to be relieved as Plaintiff's counsel. Accordingly, the defendant filed a motion to compel discovery from Holmes (ECF No. 26), and Plaintiff's counsel filed a motion to withdraw as Holmes's attorney (ECF No. 29). The court granted the defendant's motion to compel on January 30, 2018, and directed Holmes to respond to the defendant's discovery requests within seven days. (ECF No. 28.) The court also warned Holmes that failure to comply may result in sanctions, including dismissal of her Complaint.

In his motion to withdraw as Plaintiff's counsel, Tucker Player, Esquire, informed the court that Holmes never paid the full initial retainer and stopped communicating with him. (ECF No. 29.) He states that he has made numerous attempts to contact Holmes, but that her last communication with him occurred via email on June 22, 2017. (Id. at 1.) He also notes that he forwarded the defendant's discovery requests to Holmes when he received them, but his attempts to contact her regarding discovery were met with no response. (Id. at 2.) He again attempted to contact Holmes after the court issued its order granting the defendant's motion to compel, but received no response. (Id.) Plaintiff's counsel served his motion to withdraw on Holmes (see id. at 3), but Holmes did not file any response with the court.

### DISCUSSION

**A.    Applicable Standards**

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to enter orders compelling discovery and to impose an array of sanctions for a party's failure to comply with such orders. If a party fails to obey an order to provide or permit discovery, the court may issue an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). Similarly,



Rule 41(b) provides that a complaint may be dismissed for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or an order of the court. Fed. R. Civ. P. 41(b); see Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

When exercising its discretion to impose sanctions under Rule 37, a court should consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice [her] noncompliance caused [her] adversary, which necessarily includes an inquiry into the materiality of the evidence [she] failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc., 872 F.2d 88, 92 (4th Cir. 1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to apply four factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant due to the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of sanctions less drastic sanctions than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). "Courts have held that because the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for dismissal for failure to prosecute under Fed. R. Civ. P. 41, 'the Court can combine its analysis of the question whether dismissal is appropriate under' both Rules." Woods v. Wells Fargo Bank, N.A., C/A No. 3:10-3160-SVH, 2012 WL 601872, at *3 (D.S.C. Feb. 23, 2012) (citation omitted).

PJG

**B.    Defendant's Motion to Dismiss**

The defendant seeks dismissal of this action due to Holmes's failure to prosecute her case and her noncompliance with the discovery process, including her violation of the court's order compelling her responses.  (ECF No. 31.)

Considering the factors established by the United States Court of Appeals for the Fourth Circuit, the court concludes that Holmes has exhibited bad faith by failing to comply with the court's order requiring her to respond to the defendant's discovery requests.  The prejudice caused to the defendant by Holmes's noncompliance is two-fold:  not only did the defendant incur expenses and expend significant time in its attempt to procure discovery from Holmes, but the defendant's inability to obtain discovery from Holmes hindered the defendant's ability to defend itself against the allegations brought by Holmes in her Complaint.  Additionally, Holmes's conduct in refusing to respond to her attorney's repeated communication attempts demonstrates a history of proceeding in a dilatory manner as well as a failure to prosecute her own action.[1]  Moreover, as Holmes has apparently failed to pay her attorney, an award of monetary sanctions would likely have little deterrent effect.  See, e.g., Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (finding that monetary sanctions were not a viable alternative to dismissal because the plaintiff was proceeding *pro se* and *in forma pauperis*). Accordingly, there is no indication that sanctions less drastic than dismissal would be effective in this case.

---

[1] The court emphasizes that Holmes's own conduct—not that of her attorney—is the basis for sanctions here.



## RECOMMENDATION

For the foregoing reasons, the court should exercise its discretion to impose the sanction of dismissal pursuant to Rule 37(b)(2)(A).  Accordingly, the court recommends that the defendant's motion to dismiss be granted.[2]  (ECF No. 31.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 7, 2018
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] If this recommendation is adopted, the defendant's motion for judgment on the pleadings and Plaintiff's counsel's motion to withdraw should be terminated as moot.  (ECF Nos. 14 & 29.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).